# IN THE COURT OF APPEALS OF IOWA

No. 22-0630
Filed October 5, 2022

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**JUSTIN JAMES PRIES,**
        Defendant-Appellant.

_____

Appeal from the Iowa District Court for Scott County, Jeffery D. Bert, Judge.

A defendant challenges his guilty plea based on an alleged defect in the plea proceedings. **APPEAL DISMISSED.**

Eric W. Manning of Manning Law Office, P.L.L.C., Urbandale, for appellant.

Thomas J. Miller, Attorney General, and Darrel Mullins, Assistant Attorney General, for appellee.

Considered by Ahlers, P.J., and Badding and Chicchelly, JJ.

**CHICCHELLY, Judge.**

Justin Pries appeals his conviction based on an alleged defect in his plea proceedings.  He contends the district court failed to engage in a sufficient plea colloquy, which violated his constitutional rights.  Because we find ourselves without jurisdiction, we dismiss his appeal.

On January 12, 2022, Pries entered two written guilty pleas, one to an aggravated misdemeanor and another to two class "D" felonies.  Pries waived personal appearance at his plea and sentencing hearings, as permitted by Iowa Rule of Criminal Procedure 2.8(2)(b) and the Iowa Supreme Court's COVID-19 protocol then in effect.  The district court accepted Pries's guilty pleas and entered judgment and sentence on March 31.  Pries filed a timely notice of appeal, alleging the felony pleas should be set aside for failure to substantially comply with Iowa Rule of Criminal Procedure 2.8(2)(b).  He also contends this failure implicates his constitutional rights and therefore requires de novo review.  However, we do not reach the merits of his claim.

The State contends Pries's appeal should fail because he did not preserve error and has not established sufficient cause to appeal.  To preserve error, Pries needed to file a motion in arrest of judgment with the district court.  *See* Iowa R. Crim. P. 2.24(3)(a) ("A defendant's failure to challenge the adequacy of a guilty plea proceeding by motion in arrest of judgment shall preclude the defendant's right to assert such challenge on appeal.").  Pries contends that his failure to file a motion in arrest of judgment, which was a right he explicitly acknowledged in his written plea, should be excused because he was not personally advised of his right to such filing during an in-person colloquy.  However, at the time Pries pled guilty,

the Iowa Supreme Court had suspended the requirement for in-person guilty pleas for class "D" felonies. The suspension was upheld in *State v. Basquin*, 970 N.W.2d 643, 654–56 (Iowa 2022). Therefore, Pries was not entitled to an in-person colloquy, and we agree that he did not preserve error.

Moreover, Pries has not established good cause to appeal. *See* Iowa Code § 814.6(1)(a)(3) (2021) (permitting appeal from a conviction where the defendant pled guilty if good cause is established). Good cause means a "legally sufficient reason," which "is a ground that potentially would afford the defendant relief." *State v. Tucker*, 959 N.W.2d 140, 149 (Iowa 2021). Although Pries contends that his plea could not have been made knowingly and intelligently without an in-person colloquy, our supreme court expressly declined to "expand the concept of good cause and hold that a claim that a plea is not intelligently or voluntarily made constitutes good cause to appeal as a matter of right." *Tucker*, 959 N.W.2d at 153.

Furthermore, Iowa Code section 814.29 stipulates: "If a defendant challenges a guilty plea based on an alleged defect in the plea proceedings, the plea shall not be vacated unless the defendant demonstrates that the defendant more likely than not would not have pled guilty if the defect had not occurred." Pries makes no assertion that he would not have pled guilty nor does he establish a defect occurred. In fact, Pries acknowledges "the written guilty plea in this case included the matters a judge would inquire about [during an in-person colloquy]." Accordingly, Pries has not established good cause to pursue an appeal from his guilty plea. We are without jurisdiction to hear the appeal, and it must be dismissed.

**APPEAL DISMISSED.**